UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JGSM ENTERTAINMENT CORP., | Case No. 2:17-cv-02915-KJD-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 27) |
| TWG MANAGEMENT, LLC, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions for an extension of time to serve Tom Wackman and for leave to serve him by publication. Docket No. 27. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **GRANTED**.

**I.    Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Mr. Wackman by 90 days from the issuance of this order.

**II.   Motion for Leave to Serve by Publication**

Plaintiff seeks leave to serve Mr. Wackman by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia*, "cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff has engaged a private investigator and a legal process server to locate and serve Mr. Wackman. Docket No. 27-3 at ¶¶ 5, 12. Indeed, the private investigator has spoken with Mr. Wackman by telephone to notify him of the existence of the summons and complaint, and to attempt to determine a location at which he could be served. Docket No. 27-2 at ¶ 4. Plaintiff has attempted service on Mr. Wackman at several addresses (residential and commercial) on several occasions. Docket No. 27-1 at ¶¶ 27-1.[1] Nonetheless, Plaintiff has been unable to serve Mr. Wackman. The Court finds these efforts sufficient to establish diligence to permit service by publication.

## III. Conclusion

Accordingly, the Court **GRANTS** the motions to extend the deadline to effectuate service and for service by publication. The deadline to serve Mr. Wackman by publication is extended by 90 days. Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a)    Serve Mr. Wackman by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks;

---

[1] Plaintiff's counsel also contacted Mr. Wackman's attorney about accepting service, but no response was provided. Docket No. 27-4 at ¶¶ 5-6.

(b) Serve Mr. Wackman by publication in a newspaper of general circulation in the State of Wisconsin on a weekly basis for a period of four weeks; and

(c) After publication is complete, Plaintiff shall file an Affidavit of Publication.

IT IS SO ORDERED.

DATED: February 20, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge