KAEMPFER CROWELL
Anthony Celeste, No. 8776
Bryan Viellion, No. 13607
Kristopher Kalkowski, No. 14892
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: aceleste@kcnvlaw.com
Email: bviellion@kcnvlaw.com
Email: kkalkowski@kcnvlaw.com

Attorneys for Defendants TWG Management, LLC and Tom Wackman

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JGSM ENTERTAINMENT CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TWG MANAGEMENT, LLC, a Nevada limited liability company; TOM WACKMAN, an individual resident of Wisconsin.<br><br>Defendants. | Case No. 2:17-cv-02915-KJD-NJK<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY [ECF No. 50]** |

Defendants TWG Management, LLC and Tom Wackman (collectively, "TWG Defendants") file their Response in opposition to Plaintiff JGSM Entertainment Corporation's ("JGSM's") Motion to Lift Stay, (ECF No. 50) ("Motion"). JGSM's Motion is premature because arbitration proceedings remain ongoing. Moreover, the Court, if inclined, can dismiss this case upon it own volition to conserve judicial resources rather than resolving JGSM's attempt to lift

the stay and enter default against TWG Defendants.

## I.   INTRODUCTION

JGSM's Motion to Lift Stay is premature because arbitration proceedings are ongoing. Until the assigned arbitrator issues a decision that definitely ends those proceedings, this federal litigation should not resume.

Moreover, all of JGSM's claims are subject to binding arbitration. Because the parties have consented to arbitration, and because that arbitration remains ongoing, this federal litigation is unnecessarily duplicative. In fact, even if TWG Defendants did not further participate in the arbitration, that would not end arbitration proceedings—as the arbitration rules provide that the assigned panel can still hear JGSM's evidence on its claims then make a ruling on the merits regardless of the other party's participation. And since all claims in this federal action are subject to adjudication in ongoing arbitration, the Court can dismiss this action rather than have it needlessly drain judicial resources.

Dismissal would not cause any prejudice to the parties. JGSM—as the party who both filed this case and later moved to compel it to arbitration—will be able to file a separate lawsuit upon conclusion of arbitration to enforce any award, decision, or order on the same claims and issues raised in this matter. So the Court should deny JGSM's Motion and dismiss this case upon the Court's own volition.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

JGSM initiated this case in the Eighth Judicial District Court for Clark County, Nevada, on October 6, 2017, and TWG Defendants removed it to Federal Court on November 20, 2017. (Pet. Removal, ECF No. 1). Roughly one month

after removal, JGSM moved to compel arbitration of all its claims despite being the one who filed the case. (Mot. Compel Arbitration, ECF No. 11) (arguing that all claims in this case arise from an "Operating Agreement" signed by JGSM and TWG Defendants, and citing a binding provision in the Operating Agreement that required arbitration of all claims). The Court granted JGSM's request, compelled arbitration, and stayed this case pending resolution of proceedings before the American Arbitration Association (the "AAA"). (Order, ECF No. 40) (entered on September 24, 2018).

As arbitration proceeded, issues arose about TWG Defendants' lack of representation by counsel as well as outstanding fees owed to the AAA. Rather than settle these issues solely in arbitration, JGSM attempted to restart this federal case by filing a Motion for Entry of Clerk's Default on August 5, 2020, (ECF No. 47). The Court denied that request for default—finding it premature due to the ongoing arbitration proceedings; thus, this federal lawsuit remained stayed. (Order, ECF No. 48). Nevertheless, not even four months after the Court's Order denying default, JGSM moved again for entry of default against TWG Defendants as well as lifting of the stay. (Motion to Lift Stay and Entry of Default, ECF No. 50).[1]

Currently, arbitration proceedings between the parties are stayed "[b]ecause full payments have not been received." **Ex. 1**, Order Suspending Arbitration Proceedings for Sixty Days. The presiding arbitration panel provided a

---

[1] Because JGSM filed the request for default and lifting of the stay in a single Motion, the Clerk of Court ordered refiling of the request for default as a stand-alone document. (Min. Order, ECF No. 51). The docket therefore reflects two currently pending Motions before the Court: a Motion to Lift Stay, (ECF No. 50); and a Motion for Entry of Clerk's Default, (ECF No. 52).

1  deadline of May 3, 2021, to "permit the parties to make the full deposits

2  requested." *Id.*  The arbitration panel noted that "[i]f the parties fail to make the

3  full deposits requested on or by May 3, 2021, the Panel *may* terminate this

4  [arbitration] proceeding." *Id.* (emphasis added).

5  **III.   ARGUMENT**

6       **A.   JGSM's Motion to Lift the Stay Is Premature Because
              Arbitration Proceedings Have Not Ended and JGSM Has Not
7             Secured a Finding of Default Through Arbitration Procedures.**

8              JGSM's Motion is premature because arbitration proceedings are still

9  ongoing between the parties.  JGSM's cited case law lends support for the

10 premature nature of its Motion, as does the Court's prior Order resolving JGSM's

11 first request for entry of default.

12             Generally, lifting a court-imposed stay is appropriate only when

13 arbitration has clearly been terminated by the assigned arbitrator or default has

14 been secured against a delaying party through the applicable arbitration process.

15 *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003) ("Citing [a

16 party's] non-payment, the arbitrator on August 23, 2001, entered an Order finding

17 [that party] to be in default in the arbitration proceeding. It was not clearly

18 erroneous for the district court to find, in confirmation, that [the party] had

19 defaulted in arbitration."); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287,

20 1294 (10th Cir. 2015) ("Under the AAA rules, the panel terminated the

21 proceedings."); *Roach v. BM Motoring, LLC*, 155 A.3d 985, 995 (N.J. 2017)

22 ("[D]efendants failed to advance filing fees after [claimant] filed her arbitration

23 claim with the AAA and failed to otherwise engage in arbitration after the AAA

24

refused to arbitrate [a] claim due to defendants' prior actions.").[2] In such circumstances, lifting a court-imposed stay becomes appropriate because arbitration demonstrably cannot provide a forum for a party to seek adequate relief. *See Sink*, 352 F.3d at 1201 (explaining that the purpose of arbitration (expeditious resolution of claims) would not be served "by requiring a district court to enter an order returning parties to arbitration upon the motion of a party that is already in default of arbitration."). Courts therefore wait to lift a stay until there is a conclusive end to arbitration because doing so both honors the parties' contractual agreement to arbitrate while ensuring that court intervention occurs only when unquestionably appropriate. *See Juiceme, LLC v. Booster Juice Ltd. P'ship*, 730 F. Supp. 2d 1276, 1285 (D. Or. 2010) (staying proceedings because, "[i]n the present matter, Plaintiffs did not move for an order of default in arbitration nor did an arbitrator have any opportunity to make any finding of default.").

And, notably, courts look to the arbitration rules or decisions as the

---

[2] JGSM cites to *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1006 (9th Cir. 2005), and *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 650 (9th Cir. 1991), in support of its argument that refusal to participate in arbitration warrants resuming court proceedings. (Mot. Lift Stay 6:14–23, ECF No. 50). But these cases revolved around entirely different circumstances than this case, rendering them wholly inapplicable here. *Brown* did not involve lifting a stay pending arbitration; it involved a party seeking to file a lawsuit after the defendant, Dillard's, refused to participate in earlier arbitration proceedings. The court permitted the case to proceed in court after citing specific facts that clearly showed how Dillard's "refused to participate in the arbitration process at all." *Brown*, 430 F.3d at 1010. And in *Morris*, it was the plaintiffs who brought claims in court, followed by the defendant successfully moving to compel arbitration. Yet, when in arbitration, the plaintiffs refused to participate for years, prejudicing the diligent defendant by continuing to have that party face active claims without fair resolution. *Morris*, 942 F.2d at 652 ("[I]t is the responsibility of the [party pursuing claims] to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Our case has none of these critical facts that warranted court litigation rather than arbitration.

best indicator for when arbitration proceedings have ended and court intervention becomes necessary. *See Cahill*, 786 F.3d at 1294 ("The AAA determined the arbitration had gone as far as it could due to Mr. Cahill's repeated refusal to pay the fees."). Courts recognize how arbitration provides a set process to establish one party's default or decisively declare the end, and parties are commonly required to comply with those relevant arbitration procedures before requesting that a court lift a stay. *See id.*; *Sink*, 352 F.3d at 1201.

JGSM has not secured a finding of default in arbitration against TWG Defendants, and arbitration proceedings have not ended—a critical distinction to JGSM's cited cases. JGSM's own Motion recognizes the continuing nature of arbitration between the parties. (Decl. Ismail Amin, Esq. ¶ 15, ECF No. 50-1). Indeed, the arbitration panel's own order has allowed TWG Defendants until May 3, 2021, to pay any outstanding fees so that arbitration on the merits of JGSM's claims can resume.

In fact, even if TWG Defendants did not pay the outstanding fees, arbitration could still continue. The governing arbitration rules specify that a party cannot prevail simply because another party does not appear or participate.[3] Rather, the assigned arbitration panel could decide to proceed with the matter regardless of fee payment, thereby requiring JGSM to prove its claims irrespective of being unopposed.[4] (**Ex. A(5)** to JGSM's Mot., Ltr. from AAA on Suspending

---

[3] *Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association, https://adr.org/sites/default/files/Commercial-Rules-Web.pdf (last visited April 1, 2021) (R-31 provides that "An award shall not be made solely on the default of a party").

[4] *Id.*

Proceedings) (stating that "[i]n the event the deposits have not been received by the above referenced due date the Panel will be advised and determine how to proceed, which *may* include termination of this matter.") (emphasis added). JGSM, therefore, still has an adequate forum through arbitration to pursue its claims on the merits. JGSM's own exhibits lend support for this potential result. (**Ex. A(4)** to JGSM's Mot., Correspondence from the Manager of ADR Services, ECF No. 50-1) ("The panel may proceed with the hearing without full deposits. As arbitrator compensation and expenses are incurred, the AAA will distribute the share of payment owed from the deposits received and will continue our efforts to collect any outstanding balance.").

More importantly, the arbitration forum can resolve any and all issues about undue delay or default that JGSM now lobs to this Court. Specific arbitration rules govern that process.[5] Lifting the Court's stay now would merely invite parallel litigation and give JGSM two chances to pursue identical relief.

The Court has already explained these procedures to JGSM when it denied JGSM's first attempt at securing entry of default. (Order, ECF No. 48). That prior decision instructed JGSM to look to the rules governing arbitration before future requests to take action in this case, and that guidance applies now. (*Id.* 2:7–8) ("The American Arbitration Association has rules of procedure governing the arbitration and fact-finding process before it, including rules for

---

[5] *Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association, https://adr.org/sites/default/files/Commercial-Rules-Web.pdf (last visited April 1, 2021) (Rules located at L-3 and R-32 provide language allowing arbitrators to control the expeditious resolution of matters through discretionary measures to avoid undue delay).

1  representation and designating counsel. Therefore, the Court finds that Plaintiff's
2  motion is premature").

3  Altogether, there is an established procedure for JGSM to secure a
4  conclusive end to arbitration.  At this time, however, arbitration is ongoing as
5  shown by the remaining weeks for TWG Defendants to pay all outstanding fees
6  owed to the arbitration panel.  So JGSM's request to lift the stay is premature and
7  should be denied.

**B.   The Court Should Dismiss This Case Without Prejudice, Rather Than Resolve Issues Regarding a Continued Stay of Proceedings, Because This Litigation Is Duplicative and An Unnecessary Drain on Court Resources.**

Aside from the Motion to Lift Stay being premature, JGSM's arguments justify dismissal of this case rather than continuation of court litigation. JGSM can pursue all appropriate relief—including findings of non-participation and failure to defend—through arbitration.  There is no need for duplicative review by this Court.

**1.   Dismissing This Case Is Warranted Instead of Lifting the Stay.**

The Ninth Circuit recognizes that dismissal of a court case is appropriate when all asserted claims are covered by a valid and enforceable arbitration agreement. *E.g.*, *2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 754 F. App'x 596, 597 (9th Cir. 2019) ("A district court may dismiss an action, rather than stay it, when all of the issues are arbitrable.") (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)).  By contrast, courts generally choose to stay federal litigation

pending arbitration when the presiding court will have some role after arbitration proceedings end—such as where several claims are subject to arbitration but others will remain for a court to decide; or where an interested party to the litigation cannot participate in arbitration proceedings, warranting the court's independent resolution of issues. *See Int'l All. of Theatrical Stage Emps. & Moving Picture Technicians, Artists, & Allied Crafts of the U.S. v. In Sync Show Prods., Inc.*, No. 2:12-cv-00181-GMN, 2012 WL 3780022, at *2 (D. Nev. Aug. 31, 2012), *aff'd sub nom. Int'l All. of Theatrical Stage Emp. & Moving Picture Technicians Artists, & Allied Crafts of the United States, It's Trusteed Loc. 720 Las Vegas, Nevada v. InSync Show Prods., Inc.*, 801 F.3d 1033 (9th Cir. 2015) (staying proceedings pending an arbitrator's ruling on enforceability of a contract containing an arbitration agreement).

Dismissal here, rather than upholding the stay and denying the Motion, relieves the Court from needlessly having to monitor the docket, order status reports, or manage premature disputes such as this one. Thus, dismissal would be an appropriate result instead of resolving issues about staying this case.

JGSM recognized from the outset that all its claims in this federal case are subject to the binding arbitration now in place.[6] (JGSM's Mot. Compel Arb. 9:21–11:3, ECF No. 11). Arbitration provides the forum to resolve the parties' claims and also allows JGSM to raise issues of default or undue delay. So despite JGSM expressing its frustration with the pace of arbitration proceedings to this Court, arbitration remains the proper forum to adjudicate all disputes between the

---

[6] TWG Defendants did not assert counterclaims against JGSM in this federal litigation; only JGSM had active claims.

parties until the panel dismisses it.

### 2. JGSM's Arguments Bolster Dismissal as Appropriate Here.

JGSM points to how the Court has had to monitor this case's progress by ordering status reports and a show cause order. (Mot. Lift Stay 4:3–20, 9:14–22, ECF No. 50). Dismissal would solve this issue and prevent further expense of judicial resources for such concerns, petty disputes, or future motions seeking entry of default.

Moreover, JGSM would not suffer prejudice should the Court decide to dismiss this action. Should it prevail in the arbitration, JGSM would be able to file a separate action to enforce any arbitration award, decision, or judgment. *Hutson v. USAA Sav. Bank*, No. 2:19-cv-01969-GMN-EJY, 2021 WL 634990, at *2 (D. Nev. Feb. 18, 2021) ("Should Plaintiff receive relief, she may initiate an action by filing a motion to confirm the arbitration award in a court of competent jurisdiction under 9 U.S.C. § 9.").

### 3. Dismissal Can Occur On the Court's Own Volition.

The Court can order dismissal of this case without a new round of briefing by the parties on the subject. Indeed, it can do so on its own volition. *See Sparling*, 864 F.2d at 638 (holding that the district court properly acted within its discretion when it dismissed claims due to a binding arbitration agreement even though neither party asked for dismissal and, instead, one party requested a stay). By TWG Defendants raising dismissal in this Response, though, JGSM will have a full opportunity to oppose it in the Reply (if JGSM elects to file one). Thus, the Court can dismiss this case at the same time it rules on JGSM's request to lift the stay, and doing so would comply with Ninth Circuit precedent requiring notice

about that possible result to all parties beforehand. *Id.* ("The court must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the '[p]laintiffs cannot possibly win relief.'").

JGSM's Motion to Lift Stay is an attempt to renege on its enforcement of an arbitration agreement covering all claims. But since JGSM already elected to enforce that agreement, and since ongoing arbitration proceedings can provide adequate relief on the merits of claims, this Court can conserve its own resources by dismissing this duplicative action without prejudice. *Hendrickson v. USAA Sav. Bank*, No. 2:19-cv-02140-GMN-NJK, 2020 WL 1815826, at *1 (D. Nev. Apr. 8, 2020) ("Here, because all of Plaintiff's claims are subject to the arbitration agreement, and because the claims have already been submitted to arbitration and are pending completion, the Court finds that dismissal without prejudice is appropriate."). As courts in this District routinely recognize under similar circumstances, dismissal allows the presiding Judge to attend to more pressing matters on the already busy docket rather than entertaining duplicative litigation and inconsequential disputes between parties. *See, e.g.*, *id.*; *Echevarria-Hernandez v. Affinitylifestyles.com, Inc.*, No. 2:16-cv-00943-GMN-VCF, 2017 WL 1160571, at *5 (D. Nev. Mar. 27, 2017) ("[T]he Court finds that dismissal is warranted because all of Plaintiff's claims are subject to the arbitration policy.").

## IV.   CONCLUSION

The Court should deny JGSM's Motion because it is premature as the arbitration proceedings are ongoing between the parties. Moreover, the Court, upon its own volition, can choose to dismiss this action in full as JGSM took the position that all claims in this case are subject to binding arbitration. JGSM

1  elected to enforce its rights through binding arbitration, and, therefore, there is no
2  need for this Court to remain involved.

3                                          KAEMPFER CROWELL

4

5                                          Anthony Celeste, No. 8776
   Bryan Viellion, No. 13607
6  Kristopher Kalkowski, No. 14892
   1980 Festival Plaza Drive, Suite 650
7  Las Vegas, Nevada 89135

8  Attorneys for Defendants TWG
   Management, LLC and Tom Wackman

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **RESPONSE TO JGSM's MOTION TO LIFT STAY [ECF No. 50]** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

**THE AMIN LAW GROUP, NV, LTD.**
Ismail Amin, No. 9343
Jessica Brown, No. 14487
Marian Massey, No. 14579
3753 Howard Hughes Parkway, Ste 200
Las Vegas, NV 89169
iamin@talglaw.com
jbrown@talglaw.com
mmassey@talglaw.com

Attorneys for Plaintiff

DATED April 9, 2021

_____
Jennifer Martinez
An employee of Kaempfer Crowell