UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JGSM ENTERTAINMENT CORP.,

        Plaintiff,

  v.

TWG MANAGEMENT, LLC, et al.,

        Defendants.

Case No. 2:17-cv-02915-KJD-NJK

ORDER

Presently before the Court is Plaintiff's Petition to Confirm Arbitration Award and Entry of Judgment Pursuant to 9 U.S.C. § 9 (#78). Defendants did not file an opposition motion.

I.  <u>Factual and Procedural Background</u>

On September 24, 2018, the Court ordered Plaintiff's claims be submitted into arbitration, and stayed litigation in this Court until resolution of the arbitration. After unsuccessful informal attempts at resolving this matter, on March 19, 2019, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA") in accordance with this Court's September 24, 2018 Order, initiating arbitration between the parties. On April 10, 2019, Defendant TWG Management, LCC ("TWG") and Defendant Tom Wackman ("Wackman") submitted an answering statement to the demand for arbitration filed by Plaintiff. On July 15, 2019, AAA chose a tentative panel of arbitrators. On October 14, 2019, the panel issued its initial scheduling order. On August 19, 2019, the parties participated in a preliminary hearing before the panel. The parties exchanged initial disclosures and propounded written sets of discovery on each other.

In the arbitration, after COVID-19 was declared a pandemic by the World Health Organization, the parties agreed to stipulate to a continuance of all scheduled dates and deadlines identified in the parties' initial scheduling order. The arbitration hearing went forward on November 19, 2021. Thereafter the AAA panel of arbitrators requested post-hearing briefing,

1   which Plaintiff provided.

2       On March 4, 2022, the AAA panel issued its award in the arbitration proceedings in favor of

3   Plaintiff, to be paid by Defendants, and held that the sum due to Plaintiff shall accrue post-

4   judgment interest at the applicable statutory rate of interest commencing March 8, 2022, until

5   paid in full.

6       Plaintiff now asks the Court to confirm the award.

7       II.    <u>Analysis</u>

8       Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an

9   order confirming an arbitration award, "the court must grant such an order unless the award is

10  vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9.

11  "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or

12  correcting one." <u>Hall St. Assocs. LLC v. Mattel, Inc.</u>, 522 U.S. 576, 582 (2008). The grounds for

13  vacating an arbitration award are "limited" and "exclusive." <u>Kyocera Corp. v. Prudential-Bache</u>

14  <u>Trade Servs. Inc.</u>, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor

15  unsubstantiated factual findings justify federal court review of an arbitral award under the

16  statute, which is unambiguous in this regard." <u>Id.</u> As relevant here, Section 10 of the FAA

17  permits vacatur where "the arbitrators exceeded their powers…." 9 U.S.C. § 10. Arbitrators

18  "exceed their powers" "not when they merely interpret or apply the governing law incorrectly,

19  but when the award is completely irrational or exhibits a manifest disregard of law." <u>Id.</u> at 997.

20  "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be

21  clear from the record that the arbitrators recognized the applicable law and then ignored it.'"

22  <u>Biller v. Toyota Motor Corp.</u>, 668 F.3d 655, 665 (9th Cir. 2012) (quoting <u>Lagstein v. Certain</u>

23  <u>Underwriters at Lloyd's, London</u>, 607 F.3d 634, 641 (9th Cir. 2010)).

24      Defendants have not opposed this motion and have not argued that the arbitration award

25  should be vacated, modified or corrected as pursuant to 9 U.S.C. § 9. Therefore, the Court grants

26  the motion and confirms the arbitration award.

27      III.    <u>Conclusion</u>

28      Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Petition to Confirm Arbitration

Award and Entry of Judgment (#78) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of Plaintiff and against Defendants in the amount of $18,714.38 plus the applicable statutory rate of interest commencing March 8, 2022, until paid in full.

DATED this 28th day of March 2023.

_____

Kent J. Dawson
United States District Judge